UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYRONE JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2430** |
| **KEITH COOLEY, WARDEN** | **SECTION: "M"(5)** |

## REPORT AND RECOMMENDATION

In July 2023, *pro se* petitioner, Tyrone Jones, filed the above-captioned application for federal habeas corpus relief, his second petition challenging his 2014 state court conviction for second degree battery and simple rape. His first petition, filed in 2019, was dismissed with prejudice on the merits, and his appeal of that ruling was also dismissed. *Jones v. Robert Tanner, Warden*, Civ. Action No. 19-10337 "M"(5). Upon receipt of the instant application for habeas corpus relief, the Clerk's Office issued a standard deficiency notice to Jones warning that his application was deficient for failure to include either an application to proceed *in forma pauperis* or the requisite $5.00 filing fee and providing him ample opportunity to correct the deficiency. ECF No. 2. Jones failed to respond or comply with the deficiency notice. The undersigned subsequently issued an order directing him to correct the deficiency and providing additional time to do so. ECF No. 3. The mail was returned as undeliverable, indicating that he was no longer at the prison facility. Jones has made no attempt to contact the court to fix the deficiency or provide his updated address since filing the habeas petition.

To date, the above-captioned federal habeas application remains deficient. *See* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. He has made no attempt since July to move forward with the matter. It appears that Jones has abandoned his prosecution of this proceeding. Rule 41(b) of the Federal Rules of Civil

Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *See Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). In addition, Jones has not fulfilled his obligation to keep the Court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1; *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).[1] Furthermore, he has not shown that he has obtained authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the instant application should be dismissed without prejudice at this time.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Tyrone Jones in the above-captioned matter be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[1] Rule 11 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Rule 41.3.1 provides that "[t]he failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."

consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. §636(b)(1)). [2]

New Orleans, Louisiana, this 31st day of October, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.